IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NATHAN FROST,

    Plaintiff,

vs.

BATH WORLD LLC, a Florida Limited
Liability Company, ERIK WOOD,
an individual, and ANTHONY BEROUTY,
an individual,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, NATHAN FROST, sues Defendants, BATH WORLD LLC, ERIK WOOD and ANTHONY BEROUTY, and shows:

### Introduction

1. This is an action by NATHAN FROST against his former employers for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III pursuant to 28 U.S. Code § 1367.

1

3. The claims arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, NATHAN FROST, (hereinafter "FROST") a resident of Pasco County, was at all times material, employed by BATH WORLD LLC, as a construction trainee, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with BATH WORLD LLC, was engaged in commerce or in the production of goods for commerce.

5. Defendant, BATH WORLD LLC, (hereinafter, "BATH WORLD"), is a Florida Limited Liability Company with headquarters in Pinellas County, Florida, doing business in Oldsmar, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, ERIK WOOD ("hereinafter, "WOOD"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant BATH WORLD. WOOD determined FROST's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, WOOD and BATH WORLD are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Defendant, ANTHONY BEROUTY ("hereinafter, "BEROUTY"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant BATH WORLD. WOOD determined FROST's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, BEROUTY and BATH WORLD are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. Plaintiff FROST worked more than 40 hours per week for most weeks of his employment, but was not paid overtime compensation at time-and-a-half his regular rate of pay.

9. During the last two weeks of his employment, FROST worked two full weeks, but was paid no wages whatsoever.

10. The failure to pay overtime and minimum wages to FROST is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

11. Plaintiff, NATHAN FROST, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 10 above.

12. Since on or about February 2022 and up to and including May 24, 2022, Defendant BATH WORLD has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically FROST, during

3

his employment, worked in excess of 40 hours a week during several weeks of his employment, but was not compensated for all overtime hours at one and one-half times his regular rate.

13. FROST is entitled pursuant to 29 U.S.C. § 216(b), to recover from BATH WORLD, WOOD and BEROUTY:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, NATHAN FROST, prays that this court will grant judgment against Defendants BATH WORLD, WOOD and BEROUTY:

    a. awarding FROST payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding FROST an additional equal amount as liquidated damages;

    c. awarding FROST his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count II – Violation of the FLSA by all Defendants – Minimum Wage

14. Plaintiff, FROST, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

15. FROST worked for BATH WORLD for approximately 80 hours during the last two weeks of his employment, but received no compensation whatsoever for the work performed.

16. BATH WORLD's failure to pay FROST his final paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

17. FROST is entitled pursuant to the FLSA to recover from Defendants BATH WORLD, WOOD and BEROUTY:

    a. The applicable minimum wage in effect at the times he worked without receiving compensation;

    b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for FROST against BATH WORLD, WOOD and BEROUTY on the basis of their willful violations of the FLSA;

    b. Award FROST actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c. Award FROST an equal amount in liquidated damages;

    d. Award FROST reasonable attorneys' fees and costs of suit; and

    e. Other such relief as this Court deems just.

**Count III – Unpaid Wages – Breach of Contract by Defendant SILVA GROUP**

18. Plaintiff, FROST, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 5 above.

19. Defendants offered to pay FROST an hourly rate of $18 in exchange for FROST performing the duties of a construction trainee for BATH WORLD.

20. For the final two weeks of FROST's employment, he worked approximately 80 hours, but received no pay whatsoever.

21. FROST performed all tasks and job duties required by BATH WORLD.

22. BATH WORLD's failure to pay FROST the agreed upon wages amounts to a breach of contract.

23. As a result of BATH WORLD's breach, FROST has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, NATHAN FROST, requests judgment against Defendant BATH WORLD for his unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: June 8, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*